**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFERY G. BAIREY, SB# 111271
    E-Mail: Jeff.Bairey@lewisbrisbois.com
JOHN A. TOAL, SB# 194041
    E-Mail: John.Toal@lewisbrisbois.com
333 Bush Street, Suite 1100
San Francisco, California 94104-2872
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant DELL INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| STATE FARM GENERAL INSURANCE COMPANY,<br><br>            Plaintiff,<br><br>    vs.<br><br>DELL INC.; and DOES 1 through 25, inclusive,<br><br>            Defendants. | CASE NO.<br><br>**DEFENDANT DELL INC.'S NOTICE OF REMOVAL TO FEDERAL COURT**<br><br>**[28 U.S.C. §§ 1332, 1441, and 1446]** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION:**

Defendant DELL INC. (hereinafter "DELL"), files this Notice under the provisions of 28 U.S.C. §§ 1441, 1446, and Federal Rules of Civil Procedure, Rule 81(c).

<u>**STATEMENT OF FACTS ENTITLING DEFENDANT TO REMOVAL**</u>

Defendant DELL files this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 & 1446, and removes this action to the United States District Court for the Northern District of California, for the following reasons:

1.      On December 14, 2015, Plaintiff STATE FARM GENERAL INSURANCE COMPANY (hereinafter "Plaintiff"), by and through its attorneys of record, Grotefeld Hoffman, commenced a civil action in the Superior Court of the State of California in and for the County of

LEWIS BRISBOIS BISGAARD & SMITH LLP<br>ATTORNEYS AT LAW

1   Alameda against Defendant DELL INC., Alameda County Superior Court Case No. RG

2   15796792.  A true and correct copy of the summons and complaint is attached as **Exhibit A**.

3        2.     Service of summons and complaint of the above-referenced state court action was

4   accomplished on January 8, 2016.  DELL INC. (defendant) is the only named defendant and is of

5   diverse citizenship rendering the case removable. Thus, the time limit for removal set forth in 28

6   USC section 1446 (b) has been satisfied.

7        3.     On February 3, 2016, Defendant DELL INC. filed and served its answer to

8   plaintiff's complaint in the civil action in the Superior Court of the State of California in and for

9   the County of Alameda Case No. RG 15796792.  A true and correct copy of that answer is

10  attached as **Exhibit B**.

11       4.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it has been

12  filed within thirty days after defendant DELL INC. received copies of the Summons and

13  Complaint for Property Damage.

14       5.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because

15  there is complete diversity of citizenship among the parties both at the time of filing and at the

16  time of removal and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17       6.     Promptly upon filing of this Notice of Removal, a true copy of this Notice of

18  Removal, together with a Notice to State Court of Removal to Federal Court, will be provided to

19  Plaintiff pursuant to 28 U.S.C. § 1446(d) and will be filed with the Clerk of the Court for the

20  Superior Court of California, County of Alameda.

21                                   **JURISDICTION**

22       7.     This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1332,

23  and the action is one which may be removed to this Court by Defendant DELL pursuant to the

24  provisions of 28 U.S.C. §1441(b) in that it is a civil action between citizens of different States, and

25  the amount in controversy as alleged in the complaint exceeds the sum of $75,000, exclusive of

26  interest and costs.

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4847-6197-5341.1

2

8.      The basis for removal is that Plaintiff is an insurance company licensed by the State of California to conduct and transact business as an insurance company in California, organized under the laws of the State of Illinois with its principal place of business in Bloomington, Illinois. Plaintiff is a citizen of the State of Illinois.  Defendant is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Round Rock, Texas. There is no defendant that is a citizen of the State of California.  This Court therefore has original jurisdiction of this action under 28 U.S.C. § 1332.

9.      In its subrogation complaint Plaintiff alleges causes of action against Defendant for Negligence, Strict Products Liability, and Breach of Implied Warranties emanating from a fire loss on October 11, 2014.  Plaintiff seeks recovery in excess of $281,482.30 that was paid to Plaintiff's insured due to a fire loss and other damages as set forth in its Complaint.  Thus, the amount of Plaintiff's claim, exclusive of interest and costs exceeds $75,000, as required for removal pursuant to 28 U.S.C. §1332.

## VENUE

10.     Venue is proper in the Northern District of California pursuant to 28 U.S.C. §§ 84, 1390, 1391, 1441 and 1446 because Defendant DELL removes to the district court of the United States for the district and division embracing the place where such action is pending in state court, the Superior Court of the State of California in and for the County of Alameda.  Additionally, venue is proper in the Northern District of California because a substantial part of the events or alleged omissions giving rise to Plaintiff's claims occurred in the Northern District of California.

## INTRA-DISTRICT ASSIGNMENT

11.     The United States District Court for the Northern District, Oakland Division, is the federal judicial district embracing the Superior Court of California, County of Alameda, where the suit is pending and where a substantial part of the events or alleged omissions giving rise to plaintiff's claims occurred.  Therefore, removal to this court is proper pursuant under 28 U.S.C. § 1441 and Civil L.R. 3-2(c) and (d).

**WHEREFORE,** Defendant DELL INC. respectfully prays that this Notice of Removal be deemed good and sufficient, and that Case No. RG 15796792 be removed from the Superior Court

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   of California, County of Alameda, to the docket of this Honorable Court.

2

3   DATED: February 4, 2016                LEWIS BRISBOIS BISGAARD & SMITH LLP

4

5                                          By: _____

6                                              Jeffery G. Bairey
                                               John A. Toal
7                                              Attorneys for Defendant DELL INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DEFENDANT DELL INC.'S NOTICE OF REMOVAL TO FEDERAL COURT

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

DELL INC.; and DOES 1 through 25, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STATE FARM GENERAL INSURANCE COMPANY

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

E N D O R S E D
F I L E D
ALAMEDA COUNTY

DEC 1 4 2015

CLERK OF THE SUPERIOR COURT
By_____
                          Deputy
S. IYAMU

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | CASE NUMBER: *(Número del Caso):* RG 1 5 7 9 6 7 9 2 |
|---|---|

Alameda County Superior Court, René C. Davidson Courthouse,
1225 Fallon Street, Oakland, California 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Sally Noma, GROTEFELD HOFFMANN, 655 Montgomery St., Suite 1220, San Francisco, CA 94111

| DATE: DEC 1 4 2015 *(Fecha)* | Clerk, by *(Secretario)* S. IYAMU | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☑ on behalf of *(specify):* DELL INC.

under: ☑ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use Judicial Council of California SUM-100 [Rev. July 1, 2009] | SUMMONS | Code of Civil Procedure §§ 412.20, 465 www.courtinfo.ca.gov |
|---|---|---|

1  Maura Walsh Ochoa (SBN 193799)
  Sally Noma (SBN 264774)
2  GROTEFELD HOFFMANN
  655 Montgomery Street, Suite 1220
3  San Francisco, CA 94111
  Telephone: 415.344.9670
4  Facsimile: 415.989.2802

5  Attorneys for Plaintiff
  STATE FARM GENERAL INSURANCE COMPANY
6

7

8                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                         **FOR THE COUNTY OF ALAMEDA**

10

11  STATE FARM GENERAL INSURANCE     )  Case No.:
  COMPANY                          )
12                                   )       R G 1 5 7 9 6 7 9 2
                                   )
13          Plaintiff,               )
                                   )  **COMPLAINT FOR PROPERTY**
14     vs.                          )  **DAMAGE**
                                   )
15  DELL INC.; and DOES 1 through 25, )
  inclusive,                       )         ——
16                                   )
          Defendants.               )
17

18      NOW COMES Plaintiff STATE FARM GENERAL INSURANCE COMPANY, by and

19  through its attorneys, GROTEFELD HOFFMANN and for its Complaint against Defendants

20  DELL INC. and DOES 1 through 25, and each of them, and alleges that at all pertinent times

21  herein on information and belief as follows:

22

23                              **THE PARTIES**

24      1.      At all relevant times, Plaintiff STATE FARM GENERAL INSURANCE

25  COMPANY ("STATE FARM") was and is an insurance company licensed by the State of

26  California to conduct and transact business as an insurance company.

27      2.      Plaintiff STATE FARM, at all pertinent times herein, was the insurer for Juan

28  Gonzalez and his real and personal property located at 23474 Fuller Avenue, Hayward,

                                       1

ENDORSED
FILED
ALAMEDA COUNTY

DEC 1 4 2015

CLERK OF THE SUPERIOR COURT
By_____ S. IYAMU ____ Deputy

1  California 94541.

2      3.      Defendant DELL INC. ("DELL"), at all pertinent times herein, was and is a

3  manufacturer, distributor, and/or retailer of consumer electronics and accessories, including

4  laptop computers and laptop computer batteries.

5      4.      Upon information and belief, Defendant DELL, at all pertinent times herein, was

6  and is a Delaware corporation.

7      5.      Defendants DOES One (1) through Twenty-five (25), inclusive, are unknown to

8  Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff is informed and

9  believes and thereon alleges that each of the Defendants designated herein as DOE is legally

10  responsible in some manner for the events and happenings referred to herein. Plaintiff will seek

11  leave to amend this Complaint when the true names and capacities of Defendants sued as DOES

12  One (1) through Twenty-five (25) are ascertained.

13      6.      Plaintiff is informed and believes that, at all pertinent times, Defendants were the

14  agents and employees of their co-Defendants and in doing the things alleged in this Complaint

15  were acting within the course and scope of that agency and employment.

16

17                              **GENERAL ALLEGATIONS**

18      7.      At all relevant times, Juan Gonzalez ("Mr. GONZALEZ") owned real and

19  personal property located at 23474 Fuller Avenue, Hayward, California (the "PROPERTY").

20      8.      This action arises out of a fire and resulting damage at the PROPERTY, which

21  occurred on or about October 11, 2014 (the "FIRE").

22      9.      At all relevant times, DELL and Does 1 through 25, and each of them, designed,

23  approved, recommended, manufactured, assembled, built, tested, inspected, marketed, sold,

24  and/or distributed a laptop computer, model number XPS15 and service tag number 5BMF7P1,

25  (the "LAPTOP") and/or its component parts.

26      10.     Upon information and belief, at all relevant times, DELL and Does 1 through 25,

27  and each of them, designed, approved, recommended, manufactured, assembled, built, tested,

28  inspected, marketed, sold, and/or distributed a laptop computer battery with the part number

                                        2

1  23T8J (the "BATTERY") and/or its component parts.

2      11.     On the date of the FIRE, the LAPTOP and BATTERY ignited, causing the FIRE.

3      12.     The FIRE caused significant damage to the PROPERTY and resulted in the death

4  of Mr. GONZALEZ .

5      13.     At all relevant times, the INSURED used the LAPTOP and BATTERY for their

6  foreseeable, intended, and normal purpose.

7      14.     The LAPTOP and BATTERY were unaltered after they left the possession of

8  DELL and Does 1 through 25.

9      15.     Pursuant to his policy of insurance with STATE FARM, the family of Mr.

10  GONZALEZ made a claim seeking indemnification and reimbursement for damages resulting

11  from the FIRE. STATE FARM is required to pay its insured moneys to repair its property and is

12  subrogated thereto. The adjustment is still ongoing, but STATE FARM's subrogated claim is

13  estimated to be at least $281,482.30.

14      16.     In consideration of STATE FARM's payments, it is subrogated to all rights,

15  claims and interests that the Mr. GONZALEZ may have against any person or entity that may be

16  liable for causing the reimbursed damages that resulted from the FIRE.

17

18                          **FIRST CAUSE OF ACTION**

19      **(Negligence against Defendants DELL and DOES 1 through 25, and Each of Them)**

20      17.     Plaintiff incorporates by reference the allegations of Paragraphs One (1) through

21  Sixteen (16) of this Complaint as though fully set forth herein.

22      18.     At all relevant times, Defendants DELL and DOES 1 through 25, and each of

23  them, were under a duty to exercise reasonable care in designing, manufacturing, testing, and

24  inspecting the LAPTOP and BATTERY to avoid exposing the Mr. GONZALEZ and his real and

25  personal property to a foreseeable risk of harm.

26      19.     Defendants DELL and DOES 1 through 25, and each of them, knew or should

27  have known that failure to properly design, manufacture, test, and/or inspect the LAPTOP and

28  BATTERY would increase the risk of fire and related damage to the Mr. GONZALEZ and his

                                      3

1    property should the LAPTOP and BATTERY fail during their intended use.

2         20.     Furthermore, Defendants DELL and DOES 1 through 25, and each of them, knew

3    or should have known that failure to properly warn consumers of the risk of damage associated

4    with the use of the LAPTOP and BATTERY would increase the risk of harm from the use of the

5    LAPTOP and BATTERY.

6         21.     At all relevant times, Defendants DELL and DOES 1 through 25, and each of

7    them, breached their respective duties by one or more of the following acts or omissions:

8              a)   Failing to properly design the LAPTOP and BATTERY;

9              b)   Failing to properly select the materials used to manufacture the LAPTOP and

10                  BATTERY;

11              c)   Failing to properly manufacture the LAPTOP and BATTERY;

12              d)   Failing to properly inspect the LAPTOP and BATTERY;

13              e)   Failing to properly test the LAPTOP and BATTERY;

14              f)   Failing to properly warn of the known risks associated with the use of the

15                  LAPTOP and BATTERY;

16              g)   Failing to ensure that the normal and foreseeable use of the LAPTOP and

17                  BATTERY would not create a risk of a fire; and

18              h)   Otherwise failing to use due care in the design, manufacture, testing, or inspection

19                  of the LAPTOP and BATTERY.

20         22.     The negligence of Defendants DELL and DOES 1 through 25, and each of them,

21    was a substantial factor in causing damage to the PROPERTY when the LAPTOP and

22    BATTERY failed and caused the FIRE and damage to the PROPERTY.

23         23.     As the direct and proximate result of the negligence of Defendants DELL and

24    DOES 1 through 25, and each of them, STATE FARM suffered damages in an amount to exceed

25    $281,482.30.

26    ///

27    ///

28    //

4

1

**SECOND CAUSE OF ACTION**

2

**(Strict Products Liability against Defendants DELL and**

3

**DOES 1 through 25, and Each of Them)**

4        24.     Plaintiff incorporates by reference the allegations of paragraphs One (1) through

5     Twenty-Three (23) of this Complaint as though fully set forth herein.

6        25.     At all relevant times, Defendants DELL and DOES 1 through 25, and each of

7     them, were in the business of designing, manufacturing, assembling, testing, advertising,

8     marketing, distributing, and/or selling products such as laptop computers, laptop computer

9     batteries and their component parts, such as the LAPTOP and BATTERY.

10       26.     The LAPTOP and BATTERY and their component parts were expected to reach

11    the general public and consumers in the condition in which they were designed, manufactured,

12    assembled, tested, marketed, distributed, merchandised, advertised, sold, and/or serviced.

13       27.     Defendants DELL and DOES 1 through 25, and each of them, knew or had reason

14    to know that the purchaser and user of the LAPTOP and BATTERY would rely on the skill and

15    judgment of Defendants DELL and DOES 1 through 25, and each of them, in their design,

16    manufacture, assembly, testing, sale, and distribution of laptop computers and laptop computer

17    batteries and that such laptop computers and laptop computer batteries would be used by

18    consumers without inspection for defects.

19       28.     Defendants DELL and DOES 1 through 25, and each of them, had a duty not to

20    manufacture, sell, or supply a product, including the LAPTOP and BATTERY, in a defective

21    condition that was unreasonably dangerous to foreseeable users when used in a reasonably

22    expected manner.

23       29.     The LAPTOP and BATTERY were not modified or altered from the time of sale

24    to the time of the FIRE and at all relevant times were used for their customary, normal, intended,

25    and foreseeable purpose.

26       30.     The LAPTOP and BATTERY and/or their component parts were defective at the

27    time they left the control of DELL and DOES 1 through 25, and each of them, in one or more of

28    the following ways:

5

Complaint for Property Damage

    a.   the LAPTOP and BATTERY and/or their component parts were defective in their design in that the LAPTOP and BATTERY did not perform as intended and in fact failed;

    b.   the LAPTOP and BATTERY and/or their component parts contained manufacturing defects in that the LAPTOP and BATTERY differed from the manufacturer's design or specifications or from typical units of the same product line;

    c.   the materials accompanying the LAPTOP and BATTERY failed to adequately warn consumers of the risk of fire;

    d.   the LAPTOP and BATTERY and/or their component parts were designed, manufactured, and/or assembled with materials insufficient for such use;

    e.   the LAPTOP and BATTERY and/or their components parts were designed, manufactured, and/or assembled without proper testing; and

    f.   The LAPTOP and BATTERY and/or their component parts were otherwise designed, manufactured, and distributed in such a way as to introduce into the stream of commerce and provide their intended users with an unreasonably dangerous and defective product.

31.     Defendants DELL and DOES 1 through 25, and each of them, failed to provide a safe product by failing to properly manufacture, style, assemble, install, construct, advertise, promote, import, sell, distribute, warn, recall, and/or take all other necessary reasonable precautions to prevent losses such as the FIRE.

32.     Such defects, the failure to provide a safe product, and/or the failure to take all other necessary precautions to prevent losses such as the FIRE were a substantial factor in causing the damages alleged herein.

33.     As the direct and proximate result of the negligence of Defendants DELL and DOES 1 through 25, and each of them, STATE FARM suffered damages suffered damages in an amount to exceed $281,482.30.

6

Complaint for Property Damage

1

## THIRD CAUSE OF ACTION

### (Breach of Implied Warranties against Defendants DELL and

### DOES 1 through 25, and Each of Them)

34.     Plaintiff incorporates by reference the allegations of paragraphs One (1) through Thirty-Three (33) of this Complaint as though fully set forth herein.

35.     Defendants DELL and DOES 1 through 25, and each of them, were in the business of advertising, promoting, importing, selling, and distributing consumer products such as laptop computers and laptop computer batteries and their component parts to the general public, including the LAPTOP and BATTERY.

36.     Defendants DELL and DOES 1 through 25, and each of them, knew or had reason to know that the Mr. GONZALEZ would rely on the skills and judgment of the Defendants in his purchase and use of the LAPTOP AND BATTERY.

37.     Defendants DELL and DOES 1 through 25, and each of them, impliedly warranted that the LAPTOP AND BATTERY was proper and fit for the intended use by a consumer.

38.     The INSURED used the LAPTOP and BATTERY for its ordinary purpose.

39.     The LAPTOP and BATTERY were not fit for ordinary purposes for which such laptop computers and laptop computer batteries are used and were defective in that they failed and caused the damages set forth herein.

40.     Plaintiff STATE FARM took appropriate steps to promptly notify Defendants DELL and DOES 1 through 25, and each of them, within a reasonable time that the LAPTOP and BATTERY did not have the expected quality of typical laptop computers and laptop computer batteries.

41.     The LAPTOP and BATTERY's failure to conform to the expected quality of such goods was a substantial factor in causing damage to the INSURED's property.

42.     As a direct and proximate cause of the breach of said implied warranties by Defendants DELL and DOES 1 through 25, and each of them, STATE FARM suffered damages, including costs of repair, construction, contents replacement, associated living expenses, and

7

Complaint for Property Damage

1    property damage in the amount in of $281,482.30.

2

3        WHEREFORE, Plaintiff prays for judgment against all Defendants and each of them as

4    set forth below:

5        1.    For monetary damages in an amount to be proven at trial, which may exceed

6    $281,482.30;

7        2.    For prejudgment interest in accordance with California Civil Code § 3287;

8        3.    For attorneys' fees and cost of suit where allowed by law; and

9        4.    For such other relief as the Court deems just and proper.

10

11   Dated this ___ day of December, 2015        **GROTEFELD HOFFMANN**

12

13
                                                 By: _____
14                                                      Sally Noma
                                                      Attorneys for Plaintiff STATE FARM
15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                    8



1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   JEFFERY G. BAIREY, SB# 111271
2    E-Mail: Jeff.Bairey@lewisbrisbois.com
   JOHN A. TOAL, SB# 194041
3    E-Mail: John.Toal@lewisbrisbois.com
   333 Bush Street, Suite 1100
4  San Francisco, California 94104-2872
   Telephone: 415.362.2580
5  Facsimile: 415.434.0882

6  Attorneys for Defendant DELL INC.

7



ENDORSED
**FILED**
ALAMEDA COUNTY

FEB 03 2016

CLERK OF THE SUPERIOR COURT
By _____ Deputy

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF ALAMEDA

10

11 | STATE FARM GENERAL INSURANCE | CASE NO. RG15796792
   | COMPANY,
12 |                              | **DELL INC.'S ANSWER TO COMPLAINT**
   |          Plaintiff,
13 |                              | Action Filed:    December 14, 2015
   |     vs.                      | Trial Date:      None Set
14 |
   | DELL INC.; and DOES 1 through 25,
15 | inclusive ,
16 |          Defendants.

17

18       Defendant DELL INC. (hereinafter referred to as "Defendant") hereby answers the

19  unverified Complaint filed by Plaintiff STATE FARM GENERAL INSURANCE COMPANY

20  ("Plaintiff") as follows:

21                            **GENERAL DENIAL**

22       Under the provisions of Section 431.30 of the California Code of Civil Procedure,

23  Defendant denies generally and specifically, each and every, all and singular, the allegations of

24  said Complaint, and each cause of action thereof, and further denies that Plaintiff has been

25  damaged in any sum or sums or at all.

26       WHEREFORE, this answering Defendant prays for judgment as hereinafter set forth.

27                          **AFFIRMATIVE DEFENSES**

28       Defendant also alleges the following separate and affirmative defenses as follows:

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7335-3261.1                                    1
                    DELL INC.'S ANSWER TO COMPLAINT

| 1 | **FIRST AFFIRMATIVE DEFENSE** |
|---|---|
| 2 | (Failure to State a Cause of Action) |

3    As a first affirmative defense to each cause of action alleged in the Complaint, Defendant
4 alleges that Plaintiff's Complaint fails to state facts sufficient to constitute a cause of action
5 against Defendant.

6    **SECOND AFFIRMATIVE DEFENSE**

7    (Assumption of Risk)

8    As a second affirmative defense to each cause of action of the Complaint, Plaintiff's action
9 is barred under the doctrine of primary assumption of risk because Plaintiff and/or its insured
10 voluntarily participated in the activities alleged in the Complaint and knew of and appreciated the
11 specific risk which resulted in Plaintiff's alleged damage, thereby relieving Defendant of any legal
12 duty to protect Plaintiff from that risk.

13    **THIRD AFFIRMATIVE DEFENSE**

14    (Comparative Negligence)

15    As a third affirmative defense to each cause of action of the Complaint, Plaintiff and/or its
16 insured was partially, if not wholly, negligent or otherwise at fault on its own part pursuant to the
17 doctrine of comparative negligence, and Plaintiff should be barred from recovery of that portion of
18 the damages directly attributable to Plaintiff's and/or its insured's proportionate share of the
19 negligence or fault.

20    **FOURTH AFFIRMATIVE DEFENSE**

21    (Contributory Negligence)

22    As a fourth affirmative defense to each cause of action of the Complaint, the damages
23 sustained by Plaintiff, if any, were caused, in whole or in part, by the negligence or fault of others
24 for which this Defendant is not liable or responsible.

25    **FIFTH AFFIRMATIVE DEFENSE**

26    (Statute of Limitations)

27    As a fifth affirmative defense to each cause of action of the Complaint, Plaintiff's
28 Complaint and causes of action therein are barred by the applicable statute of limitations,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7335-3261.1
                                    2

1 | including but not limited to, California Code of Civil Procedure, sections 335.1 et seq.

2 | **SIXTH AFFIRMATIVE DEFENSE**

3 | (Failure to Mitigate)

4 | As a sixth affirmative defense to each cause of action of the Complaint, Plaintiff and/or its

5 | insured failed to mitigate its damages.

6 | **SEVENTH AFFIRMATIVE DEFENSE**

7 | (Unclean Hands)

8 | As a seventh affirmative defense to each cause of action of the Complaint, Defendant

9 | alleges that Plaintiff is barred from any relief by the equitable doctrine of unclean hands.

10 | **EIGHTH AFFIRMATIVE DEFENSE**

11 | (Estoppel/Waiver)

12 | As an eighth affirmative defense to each cause of action of the Complaint, Defendant

13 | alleges that, by reason of Plaintiff's own acts, omissions, representations and courses of conduct,

14 | Plaintiff is estopped from asserting, and has waived, any right to assert claims against Defendant.

15 | **NINTH AFFIRMATIVE DEFENSE**

16 | (No Duty)

17 | As a ninth affirmative defense to each cause of action of the Complaint, Defendant alleges

18 | that Defendant owed no duty or obligation to Plaintiff and/or its insured.

19 | **TENTH AFFIRMATIVE DEFENSE**

20 | (No Causation)

21 | As a tenth affirmative defense to each cause of action of the Complaint, Defendant alleges

22 | that there is no causal relationship between any injuries or damages allegedly sustained by

23 | Plaintiff and/or its insured and any alleged wrongful act by Defendant.

24 | **ELEVENTH AFFIRMATIVE DEFENSE**

25 | (Laches)

26 | As an eleventh affirmative defense to each cause of action of the Complaint, Defendant

27 | alleges that, due to tardiness in asserting its purported right to recover, Plaintiff's claims should be

28 | barred by the equitable doctrine of laches.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7335-3261.1

3

1                     **TWELFTH AFFIRMATIVE DEFENSE**

2                           (Misjoinder)

3       As a twelfth affirmative defense to each cause of action of the Complaint, Defendant

4 alleges that there is a defect or misjoinder of parties pursuant to Code of Civil Procedure section

5 430.10(d). Specifically, Plaintiff failed to join all parties necessary for final determination of the

6 action.

7                     **THIRTEENTH AFFIRMATIVE DEFENSE**

8           (Several Liability of Non-Economic Damages)

9       As a thirteenth affirmative defense to each cause of action of the Complaint, the provisions

10 of the "Fair Responsibility Act of 1986" (commonly known as Proposition 51, Civil Code sections

11 1430, 1431, 1431.1, 1431.2, 1431.3, 1431.4, 1431.5 and 1432) are applicable to this action to the

12 extent that Plaintiff's injuries and damages, if any, were legally caused or contributed to by the

13 negligence or fault of persons or entities other than this answering Defendant.

14                   **FOURTEENTH AFFIRMATIVE DEFENSE**

15                (Uncertainty)

16       As a fourteenth affirmative defense to each cause of action of the Complaint, the

17 Complaint and each cause of action therein is uncertain.

18                  **FIFTEENTH AFFIRMATIVE DEFENSE**

19              (Cause in Fact)

20       As a fifteenth affirmative defense to each cause of action of the Complaint, Plaintiff cannot

21 prove any facts showing that Defendant's conduct was the cause in fact of any alleged injuries or

22 damages suffered by Plaintiff and/or its insured as alleged in the Complaint.

23                 **SIXTEENTH AFFIRMATIVE DEFENSE**

24            (Proximate Cause)

25       As a sixteenth affirmative defense to each cause of action of the Complaint, Plaintiff

26 cannot prove any facts showing that Defendant's conduct was the proximate cause of any injuries

27 or damages as alleged in the Complaint.

28

LEWIS BRISBOIS BISGAARD & SMITH LLP

4827-7335-3261.1

4

DELL INC.'S ANSWER TO COMPLAINT

1    **SEVENTEENTH AFFIRMATIVE DEFENSE**

2                                 (Intervening Actions)

3         As a seventeenth affirmative defense to each cause of action of the Complaint, Defendant

4    alleges that any damages or injuries suffered by Plaintiff and/or its insured were proximately

5    caused by the intervening and superseding actions on the part of other parties, and not this

6    Defendant, and that such intervening and superseding actions on the part of other parties bar

7    recovery herein on behalf of Plaintiff against this Defendant.

8    **EIGHTEENTH AFFIRMATIVE DEFENSE**

9                                 (Not a Substantial Factor)

10        As an eighteenth affirmative defense, Defendant alleges that the Complaint and each cause

11   of action therein is barred on the grounds that the products, conduct, materials or property as

12   referred to in Plaintiff's Complaint, if any, were not a substantial factor in bringing about the

13   injuries and damages complained of by Plaintiff and/or its insured and did not increase the risk

14   that Plaintiff would suffer the injuries and damages complained of.

15   **NINETEENTH AFFIRMATIVE DEFENSE**

16                             (Contribution and Indemnification)

17        As a nineteenth affirmative defense, Defendant alleges that it is entitled to a right of

18   indemnification by apportionment and to a right of contribution from any person or entity whose

19   negligence proximately contributed to the happening of the alleged injuries of Plaintiff and/or its

20   insured if Plaintiff should receive a verdict against this answering Defendant.

21   **TWENTIETH AFFIRMATIVE DEFENSE**

22                                (Compliance with Law)

23        As a twentieth affirmative defense, at all times relevant herein, the conduct of Defendant

24   alleged in the Complaint conformed to all applicable statutes, governmental regulations and

25   industry standards applicable thereto.

26   **TWENTY-FIRST AFFIRMATIVE DEFENSE**

27                              (Avoidable Consequences)

28        As a twenty-first affirmative defense, Defendant alleges that each and every cause of

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7335-3261.1
                                            5
                            DELL INC.'S ANSWER TO COMPLAINT

1 action set forth in Plaintiff's Complaint is barred, and Plaintiff may not recover damages due to
2 the failure of Plaintiff and/or its insured to take actions to avoid the injuries alleged and damages,
3 if any, as set forth in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Knowledgeable User)

6     As a thirty-fifth affirmative defense, if Plaintiff's damages were caused by any product
7 alleged to have been manufactured, designed, assembled, produced, inspected, tested, sold,
8 supplied, leased, rented, delivered, or otherwise distributed by Defendant, such product was
9 intended for, and sold to, a knowledgeable and sophisticated user over whom this answering
10 Defendant had no control and who was fully informed as to the risks and dangers, if any,
11 associated with that product and the precautions, if any, required to avoid those risks and dangers.
12 By reason thereof, answering Defendant had no duty to warn Plaintiff and/or its insured or to
13 further warn the knowledgeable user of the risks and dangers, if any, associated with the product.
14 Whatever injury, if any, Plaintiff and/or its insured or any individual sustained was proximately
15 caused by the failure of the knowledgeable user of the product to use it for the purpose for which,
16 and in the manner for which, it was intended to be used and to adequately warn and instruct
17 Plaintiff and/or the Plaintiff's insured concerning the product and the dangers and risks, if any,
18 associated with it.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Failure To Maintain)

21     As a twenty-third affirmative defense, Plaintiff and/or its insured and/or other persons or
22 parties failed to observe routine care or maintenance of the product or components thereof herein
23 alleged to have been manufactured, designed, assembled, produced, inspected, tested, sold,
24 supplied, leased, rented, delivered, or otherwise distributed by answering Defendant after said
25 product left Defendant's control, and that said conduct on the part of Plaintiff and/or its insured
26 and/or other persons or parties bars or diminishes Plaintiff's damages recoverable in this action, if
27 any.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7335-3261.1       6
DELL INC.'S ANSWER TO COMPLAINT

1    <u>**TWENTY-FOURTH AFFIRMATIVE DEFENSE**</u>

2    (Product Misuse)

3        As a twenty-fourth affirmative defense, Defendant is informed and believes and thereon

4    alleges that the accident, injury, and damages alleged in the Complaint were either wholly or in

5    part proximately caused by the misuse of the product which is the subject matter of the Complaint.

6    At all times and places mentioned in the Complaint, Plaintiff and/or its insured and/or other

7    persons used the subject products, if indeed any were used, in an unreasonable manner, not

8    reasonably foreseeable to this Defendant, and for a purpose for which the products were not

9    intended, manufactured or designed.

10    <u>**TWENTY-FIFTH AFFIRMATIVE DEFENSE**</u>

11    (No Privity)

12        As a thirty-second affirmative defense, this answering Defendant alleges that the cause of

13    action for breach of warranty, if any, against this Defendant is barred because:

14            (a)    there is no privity of contract between Plaintiff and/or its insured and this

15    Defendant;

16            (b)    Plaintiff and/or its insured did not reasonably rely on the claimed warranty,

17    if any;

18            (c)    the claims are based on an alleged warranty not expressed on the labeling or

19    other material accompanied by the product;

20            (d)    Plaintiff and/or its insured failed to give the requisite timely notice to this

21    Defendant as to any purported breach of warranty; and

22            (e)    any warranty, if any, to Plaintiff and/or its insured was expressly disclaimed

23    by this Defendant.

24    <u>**TWENTY-SIXTH AFFIRMATIVE DEFENSE**</u>

25    (Product Alteration)

26        As a twenty-sixth affirmative defense, Defendant is informed and believes and thereon

27    alleges that the accident, injury, and damages alleged in the Complaint were either wholly or in

28    part proximately caused by an alteration, change, and\or modification of the product which is the

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7335-3261.1

1 | subject matter of the Complaint and performed by a person or entity other than this answering
2 | Defendant.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (No Express/Implied Warranty)

5 | As a thirty-first affirmative defense, this answering Defendant alleges that it made no
6 | warranties of any kind, express or implied, to Plaintiff and/or its insured and/or other persons, and
7 | that there is no relationship upon which a claim of implied warranty may be based.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

#### (Approval of Product)

10 | As a twenty-eighth affirmative defense, Plaintiff and/or its insured and/or other persons,
11 | their agents or employees, inspected, tested and approved the product or components thereof
12 | herein alleged to have been manufactured, designed, assembled, produced, inspected, tested, sold,
13 | supplied, leased, rented, delivered, or otherwise distributed by this answering Defendant, and said
14 | conduct on the part of Plaintiff and/or its insured and/or other persons or parties bars or diminishes
15 | Plaintiff's damages recoverable in this action, if any.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

#### (Adequate Warnings)

18 | As a twenty-ninth affirmative defense, this answering Defendant alleges that the product
19 | was not defective in that the product was supplied with adequate warnings for the product.

### THIRTIETH AFFIRMATIVE DEFENSE

#### (No Breach of Duty)

22 | As a thirtieth affirmative defense, this answering Defendant alleges that it did not breach
23 | any duty owed to Plaintiff and/or its insured and/or other persons, because the product, when
24 | manufactured, distributed, and/or supplied, conformed to the state of art, and because the then-
25 | current medical, scientific, and industrial knowledge, art, and practice was such that this
26 | Defendant did not know and could not have known that the product might pose a risk of harm, if
27 | any, in normal and foreseeable use.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7335-3261.1
8
DELL INC.'S ANSWER TO COMPLAINT

1                         **THIRTY-FIRST AFFIRMATIVE DEFENSE**

2                               (Reservation of Defenses)

3       As a thirty-seventh affirmative defense to each cause of action of the Complaint,

4 Defendant presently has insufficient knowledge or information on which to form a belief as to

5 whether it may have additional, as yet unstated, defenses available.  Defendant reserves herein the

6 right to assert additional defenses in the event discovery indicates that they would be appropriate.

7

8       WHEREFORE, this answering Defendant prays for judgment as follows:

9              1.      That Plaintiff take nothing by reason of the Complaint on file herein;

10              2.      For costs of suit incurred herein; and

11              3.      For such other and further relief as the court deems just and proper.

12

13 DATED: February 3, 2016             LEWIS BRISBOIS BISGAARD & SMITH LLP

14

15                              By:

16                                 Jeffery G. Bairey

17                                 John A. Toal

                                            Attorneys for Defendant DELL INC.

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4827-7335-3261.1                         9

1    **CALIFORNIA STATE COURT PROOF OF SERVICE**

2    State Farm General Insurance Company v. Dell, Inc., et al.

3    Alameda Superior Court Case No. RG15796792

4    STATE OF CALIFORNIA, COUNTY OF ALAMEDA

5    At the time of service, I was over 18 years of age and not a party to the action. My business address is 333 Bush Street, Suite 1100, San Francisco, CA 94104-2872.

6

7    On February 3, 2016, I served the following document(s): DELL INC.'S ANSWER TO COMPLAINT

8    I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

9

10   | Maura Walsh Ochoa | Attorneys for plaintiff STATE FARM INSURANCE COMPANY |
11   | Sally Noma |  |
     | GROTEFELD HOFFMANN |  |
12   | 655 Montgomery Street, Suite 1220 | Telephone: (415) 344-9670 |
     | San Francisco, CA 94111 | Facsimile: (415) 989-2802 |
     |  | E-Mail: |
13

14   The documents were served by the following means:

15   ☒   (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and:

16

17   ☒   Placed the envelope or package for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing correspondence for mailing. Under that practice, on the same day that correspondence is placed

18   for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

19

20   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21   Executed on February 3, 2016, at San Francisco, California.

22

23                              Judy R. Goode

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW